GEORGE L. BRYANT

*vs.*

THE GREAT NORTHERN PAPER COMPANY.

Somerset.    Opinion August 10, 1907.

*Master and Servant.    Negligence.    Assumption of Risk.    Nonsuit.    Evidence.*

The standard of care which the law requires of the servant is that which a reasonably cautious and intelligent person would exercise under the same circumstances, and the hazards and risks attendant upon his employment which he assumes are those which are open and obvious, of which ·he has been informed, or which he ought to have known by using reasonable care.

Where upon the unquestioned facts it is apparent that a plaintiff's action cannot be maintained, it is not only competent but proper for the presiding Justice so to declare by directing a nonsuit.

In an action on the case to recover damages for personal injuries where a plaintiff recovered a verdict and that verdict has been set aside, it would be useless for the court to reverse its own action by sustaining exceptions of the plaintiff to the ordering of a nonsuit in the second trial of the same action, unless the evidence on which the nonsuit was ordered differs materially from that introduced at the first trial, either as being of greater weight or proving new facts.

Where in an action on the case to recover damages for injuries sustained by a plaintiff and caused by the alleged negligence of the defendant, and the plaintiff recovered a verdict and that verdict has been set aside by the Law Court on the ground that the injury was caused by the plaintiff's want of due care, and the case is again tried and new evidence is introduced by the plaintiff and that evidence is of doubtful admissibility and at least is inadequate to prove that the plaintiff was not bound to have knowledge of conditions existing at the time of the accident, the presiding Justice is justified in ordering a nonsuit.

See *Bryant* v. *Paper Co.*, 100 Maine, 171.

On exceptions by plaintiff.    Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant.    Tried at the December term, 1903, of the Supreme Judicial Court, Somerset County.    Plea, the general issue.    Ver-

dict for plaintiff for $2500. The defendant then filed a general motion for a new trial and the verdict was set aside. See 100 Maine, 171. The action was then again tried at the December term, 1905, of said Supreme Judicial Court, Somerset County. After the plaintiff's evidence was all in, the presiding Justice ordered a nonsuit and the plaintiff excepted.

The case appears in the opinion.

*Forrest Goodwin*, for plaintiff.

*Merrill & Merrill*, for defendant.

SITTING:    EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J.   This is an action on the case to recover damages for injuries sustained by the plaintiff February 2, 1903, while employed by the defendant company in its mill at Madison, Maine.

The case was tried at the December term, 1903, of the Supreme Judicial Court and the jury rendered a verdict for the plaintiff. On motion of the defendant a new trial was granted by this court. The case was again tried at the December term, 1905, and at the conclusion of the plaintiff's evidence, the presiding Justice ordered a nonsuit. To this ruling the plaintiff excepts and makes the writ, pleadings and evidence a part of his bill of exceptions.

The evidence introduced by the plaintiff shows that he was employed by the defendant company from the first part of October to December, 1902, about three months; that he was temporarily absent for five weeks on account of an injury resulting in the loss of a finger, and returned to his work January 24th, 1903; that during his absence the steam engine which propelled the plunger pump, whose gearing he oiled, had been replaced by an electric motor and the direction of the cog wheels connected with this pump was changed so that they revolved inward towards each other instead of revolving as formerly, outward and away from each other; that no notice was given to the plaintiff of this change and he did not in fact know that it had been made. After his return he continued his work of oiling this bearing twice a day for twenty-eight

days before the accident. While engaged in his duties he was injured by being caught in the revolving cog wheels. He was at the time standing on a ladder, the lower end of which rested on the floor and the upper end upon the driving shaft. This shaft revolved the same way as the larger wheel, making its revolutions at the same time, twenty-six a minute. The direction of the revolutions of both had been reversed by the change mentioned.

The plaintiff sets out his right to recover on account of the defendant's negligence in two counts which are in substance, first, that there were no guards or protection to the machinery upon which he was required to work ; and second, that the change in the direction of the revolutions of the cog wheels connected with the plunger pump made in his absence rendered the machinery more dangerous and that he received no notice from the defendant and had no knowledge of the change.

The court in sustaining the defendant's motion for a new trial, held that the plaintiff's claim to recover by reason of the defendant's omission to provide guards and protection to the machinery was untenable ; that as he had been at work nearly five months oiling this identical pump and knew that no special guard had been furnished, and continued his employment, he assumed the risk incident to his work upon the machinery as it was.

In the case at bar the plaintiff relies especially upon his right to recover under the allegations of the second count. The evidence offered at the first trial upon this issue was fully considered by the court and the conclusion was reached that the plaintiff during the twenty-eight days he was engaged in oiling the bearings twice each day, must have observed that the direction of the shaft against which his ladder rested and of the comparatively slow moving large wheel had been changed; or if he failed to observe the change it must be the result of his thoughtless inattention ; that he is not entitled to be compensated in damages, and that the verdict was clearly wrong. *Bryant* v. *The Great Northern Paper Company,* 100 Maine, 171.

Where upon the unquestioned facts it is apparent that the plaintiff's action cannot be maintained, it is not only competent but

proper for the presiding Justice so to declare by directing a nonsuit. It would be useless for this court to reverse its own action by sustaining the exceptions of the plaintiff unless the evidence on which the nonsuit was ordered differs materially from that introduced at the first trial, either as being of greater weight or proving new facts. *Elwell* v. *Hacker*, 86 Maine, 416; *Romeo* v. *Railroad*, 87 Maine, 540; *White* v. *Bradley*, 66 Maine, 254; *Young* v. *Chandler*, 102 Maine, 251.

No new material fact as to the conditions existing at the time of the accident is shown at the second trial, and the question whether it was error for the presiding Justice to order the involuntary nonsuit depends upon the competency and weight as evidence of the testimony of three witnesses, who did not testify at the first trial, to show that the change in the machinery rendering it more dangerous was not an obvious hazard which the plaintiff assumed as incident to his employment. The purport of their testimony is, that they worked around this pump after the change and before the accident and did not notice that the gears had been changed. Dan McDonald, who had worked in the mill for some years, had charge of this pump and saw it twice each day, and had repaired the belt that runs near the gears and looked after the repairs on the pump, and he testifies that he never noticed that the gears had been changed. D. L. McCollar, a millwright who had charge of the machinery of the company and who had worked around the pump when the plaintiff was there and repaired it frequently, testifies that he did not know that the gears were changed until he went up the ladder to see if the cup on the crank shaft was right and reached over to the sides as the oiler does and his clothing was caught; and that he discovered the change by looking for the cause of the trouble. M. H. McSwain testifies that he changed these gears under the direction of the foreman.

The standard of care which the law requires of the servant is that which a reasonably cautious and intelligent person would exercise under the same circumstances, and the hazards and risks attendant upon his employment which he assumes are those which are open and obvious, of which he has been informed, or which he

ought to have known by using reasonable care.   *Cunningham* v. *Iron Works*, 92 Maine, 501.

The court decided upon the evidence introduced at the first trial, that the accident was due to the plaintiff's want of due care.   The new evidence in the case at bar has little probative force in proving the contrary.   The testimony of witnesses that they failed to observe that a change had been made in the direction of the motion of the crank shaft and its gears, is of doubtful admissibility.   It complicates the issue because the circumstances in which the witnesses were placed though similar were not the same.   Wigmore on Evidence, Vol. 1, sec. 447 ; *Darling* v. *Westmoreland*, 52 N. H. 401 ; *Temperance Hall Asso. of Trenton* v. *Giles*, 33 N. J. Law, 260 ; *Hubbard* v. *And. & Ken. R. R. Co.*, 39 Maine, 506 ; *Parker* v. *Portland Publishing Co.*, 69 Maine, 173 ; *Branch* v. *Libbey*, 78 Maine, 321 ; *Bremner* v. *Newcastle*, 83 Maine, 415.   The witness whose clothing was caught in the machinery alone had occasion to remember whether he had observed a change or not. His testimony was positive while that of the others was negative not only as to the fact of change but as to its observability.

The new evidence is at least inadequate to prove that the plaintiff was not bound to know of so radical a change in the machinery in view of the fact that he had been oiling it twice a day for twenty-eight days after his return, and that while oiling the gears of this pump he stood, as he had previously, on a ladder which rested against the driving shaft and reached over the slowly revolving wheel by which he was injured.

It is not shown that the order of a nonsuit was erroneous and prejudicial to the plaintiff.

*Exceptions overruled.*